appellate number 20-2044. Good morning, Your Honors. Michael McGinley of Deckard LLP. I'm here to introduce an eligible law student who was admitted under local rule 46.3, Mr. Tristan Lim, who will be presenting oral argument today as part of the Penn Appellate Litigation Clinic. Thank you, Your Honors. Thank you for sponsoring him. Of course. Thank you, Your Honor, and may it please the Court. My name is Tristan Lim, and I represent Ronald Morgan in today's appeal. I'd like to request three minutes of my time for rebuttal. Your Honors, Mr. Morgan raised four constitutional claims which he litigated pro se through the Pennsylvania Post-Conviction Review System, leading all the way to the denial of his claims by the Pennsylvania Supreme Court in 2020. Now, although Mr. Morgan was also actively appealing his resentencing claims, his federal constitutional claims were exhausted and ready for review by the district court. He filed his 2254. petition before the district court when it was presented and then was officially filed. Was there an operative judgment? When he first filed his habeas petition, Judge Warks? That's it, yes. Sure. So, Your Honor, when he first filed his habeas petition, it was acting more as of a protective petition. That's not, I'm asking you a direct question. Did he have a judgment? So, no, he did not have a judgment at that time, Your Honor. He was still litigating in state court at the time. He did not have a judgment under 2254. How could the district court have done anything but what it did since it only can act on behalf of a person in custody pursuant to a judgment? Sure. And, Your Honor, when Mr. Morgan first filed his habeas petition, the district court stated and allowed him to exhaust and then come back into district court when he did fully exhaust and present his claim. So, Your Honor, when Mr. Morgan first filed his habeas petition, the district court stated and allowed him to exhaust and then come back into district court when he did fully exhaust and present his claims to the Pennsylvania Supreme Court with respect to his constitutional claims attacking his conviction. But with... Even if we're prepared to think about this as ripening into a final judgment at that point, there's been a resentencing and then appeals of the resentencing. Put exhaustion aside, we, even if we were to accept that the 2020 resentencing was limited to the IDSI claims, there's been a resentencing and then appeals of the resentencing. It seems crystal clear from your supplemental submission that Judge McKeon's resentencing in January of 2022 was a plenary resentencing where he recognizes the case has been reassigned him from another judge and is taking account of all of the counts. Why, given what appears here to be a plenary resentencing, de novo resentencing on all the counts, why don't we have, again, not a final judgment before us, something that is still moving its way in appeals for a sentence on all counts through the state court? So, two responses, Judge Krause. My first response is that, and this actually leads to one of my main points here, is that this circuit held that in Pringle, state prisoners may seek habeas relief while pursuing state claims unrelated to their habeas claims. And Mr. Morgan... Well, Your Honor, Mr. Morgan's resentencing claims are all based on state law. And under Pringle, as long as those federal constitutional claims are fully exhausted, presented to the Pennsylvania Supreme Court, those can be heard. But Mr. Morgan can also litigate his state law resentencing claims. That resolves exhaustion. But isn't finality a different concept? Don't we still need, for our jurisdiction, a final judgment, separate and apart from whether those claims have been exhausted? Sure, Your Honor. And I would say that there is a final judgment here with respect to Mr. Morgan's habeas petition. Now, even though the district court dismissed without prejudice, this court has held in very similar, identical procedural postures. That a case dismissed without prejudice is sufficiently final for a final order. And that case, Your Honor, and Judge Roth, you actually authored that opinion, is Cruz v. Horn, where the defendant there filed a mixed habeas petition. The district court dismissed it without prejudice, just like what we have here, to allow the petitioner to exhaust, just like what the district court instructed Mr. Morgan to do. The circuit granted a certificate of appealability and retained jurisdiction. So, Your Honor, procedurally, Cruz v. Horn is almost identical to what we have on the facts here. Is it really, though? Was the judgment, was there a resentencing, as we have here, a complete new resentencing that is not final? So, Your Honor, I don't believe there was a resentence, but with respect to the procedural history in Cruz v. Horn, Your Honor, what had happened was that the district court did dismiss it without prejudice to allow the petitioner to exhaust, go to state court, finish all that up, and then come right back in. But still, the circuit said that that's going to be sufficiently final order. And I submit, Your Honor, there's an additional danger, because Mr. Morgan really only has four days left. Is that true? Judge Crouse just took you through a procedural history that says he has a judgment that was imposed on all counts in January of 2022, that is not yet even complete its first level of direct appeal. Does he actually have a final judgment? And if he doesn't, then there's been no time on the clock at all, right? Well, Your Honor, there has been time on the clock, because again, those state law claims that Mr. Morgan is continuing to appeal, those are only based on state law claims. They're based on Pennsylvania claims with respect to the Pennsylvania court's discretion to sentence Mr. Morgan. Those are all state law claims, Your Honor, and those don't affect the finality of the fully exhausted constitutional claims. Let's go back to Judge Crouse's question. The order of the district court was a dismissal without prejudice. Would you agree that most of the time a dismissal without prejudice is not a final order for appellate review? Sure, and that would be the case, Your Honor, but here, there's only four days left on his limitations case. Are you sure there's only four days left if, in fact, the judgment which held him in custody in itself is not yet final? Well, the clock to restart under Lesko, you know, a prisoner who is resentenced gets this new judgment, and it effectively sort of functions as a first habeas petition. So the logic goes, you know, you wait for Mr. Morgan to finish up his state law claims and then just refile it black. But, Your Honor, I think Lesko is distinguishable at least on two grounds. First, the petitioner in Lesko, Mr. Lesko there, actually attacked his resentence on federal grounds. So he raised an ineffective assistance of counsel claim on federal grounds, and he claimed that as a result of that ineffective assistance of counsel claim, his counsel didn't adequately present mitigating evidence during his resentence. Why does the nature of the claim matter when we're talking about the finality of a judgment? Sure, it matters, Your Honor, because Pringle is still effective here, and Pringle says that once all of your decisions or once all of your decisions are made, there is a state law claim based on resentencing, and in Pringle, the procedural posture there was that when the petitioner first filed her habeas petition, she was still, quote-unquote, lacking a sentence because it was still being litigated in state court. And this court still retained jurisdiction there, along with Cruz v. Horn. So, Your Honor, it is sufficiently final, even if the, quote-unquote, sentence is vacated. And with respect to that sentence, Your Honor, I would say that, you know, we submit that there is evidence there that says that the judge says that all of that entire resentence is going to, quote-unquote, resentence Mr. Morgan on everything. But the reason why they used taking that appeal to begin with, Judge Krause, is because the Pennsylvania State Court in the first instance found that those two IDSI claims were unconstitutional, vacated them in the first instance, sent it back for a resentencing, which the judge did resentence Mr. Morgan, but... did it only send back two judgments or did it only send back the two IDSI judgments? And that question, I think, is a crucial one behind all the comments by Judge Krause and Judge Schwartz, that in what capacity in that appeal of the PCRA proceedings did the district court receive the case to sentence it? Did it receive the whole case or did it receive just two IDSI counts? And I think there is a good argument, which Judge Schwartz has been alluding to, that it was all the case, that they're all... the two separate state court counts. It depends upon the statutory basis for the district court to receive those cases for resentence anyway. And what did they receive? Did they receive all of it or did they just receive two cases? And if so, where do we find that language to demonstrate that? Sure. So Judge Roth, in the first instance when the Pennsylvania Court of Appeals vacated those two IDSI sentences, procedurally what it did is it sent the whole case back down to be resentenced, but the sentencing court down at the Pennsylvania State Court made it crystal clear that the only unconstitutional claims that it had to work on were those two IDSI claims because they were unconstitutional under the Sixth Amendment. And what the sentencing court... If the whole case was sent down to the district court, to the trial court for resentencing, doesn't that answer the question of what type of trial court have? And you're saying that it had jurisdiction to consider all the judgments, but that in fact there were only two where it found a problem, so it limited its dealings with that. But what I'm interested in is what was the statutory basis for the jurisdiction of the district court on the remand for resentencing? So, Your Honor, with respect to the remand of the resentencing, I imagine for jurisdiction purposes it's state law. I'm not quite sure what exactly the jurisdictional grounds, but that would be governed by state law. But when it was remanded back down to the Pennsylvania Court, its instructions were those two IDSI claims were problematic. We're going to procedurally send down everything, but the Pennsylvania State Court made it crystal clear that I'm really just going to resentence you on counts one and two, which were the two IDSI claims. And on the March 6, 2020 transcript, they made it crystal clear that it was doing just that. And I submit, Judge Krause, that later on when Mr. Morgan continued his appeal of the resentencing claim, there's language in the transcript that suggests that instead of just the two IDSI counts, everything else is sort of up in the air in terms of resentencing. And as a result, LESCO would apply. But, Your Honor, again, I think Pringle here is still very much in the background, because what we have here is that those state law claims that Mr. Morgan is bringing up, those are only state law claims. And only the federal claims need to be exhausted in order for him to successfully bring his constitutional claims up to a federal habeas court for review. And I'm sorry, Judge, it sounds like you had a question. I understand why you would be seeking to stay in abeyance if you were concerned about there being only four days left on the clock. But if we are not persuaded that that's the picture that we have in front of us, I'm not sure that we're going to be able to do that. And if we are to conclude instead that there is not yet any final judgment on any of the counts because of the nature of the remand and a plenary resentencing, such that there remains, as soon as it is final, a full year to pursue habeas relief, is there any adverse consequence to your client? Wouldn't you be satisfied with that outcome as well? I just realized I have no time remaining. May I answer your question? Of course. So, Your Honor, with respect to Mr. Morgan, in terms of consequences as a result of LESCO applying, Mr. Morgan would, for the statute of limitations, he would, under LESCO, essentially have that second in-time habeas petition. But as a result of LESCO, it would functionally act as if it were a first in-time habeas petition, even though technically it's a second one. So, as a result for Mr. Morgan, yes, it would reset the statute of limitations that will allow him to refile his habeas appeal. But, Your Honor, with respect to LESCO applying here in today's case, whether it be a plenary review, a new judgment for Mr. Morgan, we submit that when his state sentencing claims are fully finished, because those are only state law claims, that he wouldn't actually have to, quote-unquote, re-exhaust any of those claims, because those are only state law claims. So, in the event that this Third Circuit is not convinced and wants to apply LESCO, I think that when LESCO does apply, that Mr. Morgan would essentially get 365 days left on his habeas appeal, and to the extent that he has to file a new one, I think it would be helpful if Mr. Morgan could just remain in that district court, reopen the docket for that particular district court, finish up his resentencing state court, and then once all that is completed, maybe he can file an amended habeas petition under LESCO. So, I think that would be helpful if Mr. Morgan could just remain in that district court, reopen the docket for that particular district court, and then once all that is completed, maybe he can file an amended habeas petition under Rule 15, to the extent that it changes with respect to that. So... Your representation is after he finishes his appeal of this sentence, he could have new habeas claims? Yes, Your Honor, so if LESCO were to apply, then that would effectively mean he has a new sort of habeas petition, even though it's a second one, it will functionally act as if it were a first one. I understand how it operates, I'm asking about whether or not you know whether or not he intends on adding additional habeas claims. No, not to my knowledge, Your Honor. No, I don't. Okay, counsel will have you back on rebuttal, thank you. Good morning, Your Honors, my name is Mark Lope, I'm an Assistant District Attorney in Butler County, Pennsylvania. I'm here on behalf of the District Attorney's Office in Butler County, the Warden of Butler County Prison, and the Attorney General's Office of Pennsylvania. In this case, we don't have finality. Mr. Morton was re-sentenced January 18, 2022. Judge Rothen answered your questions, when the case has been sent back by the Pennsylvania Superior Court, the whole case has been sent back. They didn't say re-sentence him on counts one and two, which were the IDSI charges, he was to be re-sentenced on his entire judgment of sentence, which included 217 counts on which he had been convicted. We don't have finality here, would like to finish the case in Pennsylvania, and Mr. Morgan can pursue whatever claims he thinks he might have in federal court. Mr. Lope, you were counsel before Judge McKeon as well in January of 2022. Yes, Your Honor. I guess my question is, we had to make the request for a supplemental appendix to get the transcript of that sentencing proceeding. And that makes very clear from not only the statements of the court, but the arguments of counsel, including yourself, that this was a plenary re-sentencing. That the court was considering a full re-sentencing, a full sentencing hearing on all counts. Why wasn't this brought to our attention earlier? That's my fault, Judge. I guess maybe my unfamiliarity with federal court, but that's strictly my fault. Assume it's a new judgment, as you've described, is the petitioner going to need to re-raise, and assume we dismiss for lack of appellate jurisdiction, is he going to need to re-raise all the claims that have already been presented through the state court system on a new habeas petition? I suppose he should err on the side of raising them, Judge. I think those issues that he raised previously are valid issues when he does raise them. On your brief, I'm just going to turn to exhaustion for a moment. You say Morgan has unexhausted claims, on page 21 of your brief. But I don't know what claims you're talking about that weren't already presented to the state court for their consideration. When the claims I'm speaking of, just to be clear, are the four that were in the petition to the district court. The four federal claims you raised, Judge, arguably they were exhausted. They were in his PCRA. I know the U.S. District Court didn't allow the certificate of appealability regarding his Fourth Amendment claim. But the other three issues, Fifth and Sixth, Fourteenth, it's escaping me right now, but he did exhaust those, I would say, in state court. Currently, he's appealed his most recent sentence. He's claiming that previously the Superior Court, long story short, he was convicted of the 217 counts. He's initially sentenced, counts one and two were indecent, were IDSI charges. At the time, Pennsylvania law provided for a mandatory 10-year sentence on each of those. The judge who sentenced him initially gave him 10 to 20 years on each of those and ran them concurrently. Subsequent to that, the Aleem case happened, and the questions that led to his mandatory minimum sentencing were questions we had to present to the jury. So the judge ultimately then resentenced him to five to 10 years on each of those counts and ran them consecutively. And he gave him the same sentence on the rest of his 215 counts. But it was an entirely, it was a de novo sentence. The court didn't say, the Superior Court didn't say, just sentence him on one and two. So he's appealed, the judge ultimately, a different judge sentenced him in January, had a thorough sentencing, and gave him an 18 to, or 15 to 32 year sentence. So he's appealing that actual sentence and also the fact that he was designated as a sexually violent predator. He's appealing that issue as well, but on Pennsylvania constitutional grounds. Can I just make sure I understand the government's position? So it's, as the government sees it, the four constitutional claims that were raised in the habeas petition have been fully exhausted? I would agree with that, Judge. They aren't part of his most recent resentencing. And the judgments are, as to all of the counts, are not yet final because of the plenary resentencing? Correct. And once they are final on all of those counts, the clock for the one year statute of limitations under AEDPA then begins to run. And so he has one year to file a new habeas petition on those counts, or perhaps others that arise in the course of his proceedings in state court? I think he probably does judge on everything. The one year would begin to run, I think, when we're done with him, when he exhausts this most recent sentencing. Is it your position that it's not clear whether the statute of limitations would begin to run from the final judgment in state court? You know, based on LESCO, I think this new one, when he's ultimately exhausts this most recent appeal, I think that's going to give him a year. Arguably before, he arguably had four days left based on the year running from the exhaustion of his PCRA. But I think based on LESCO, he'd probably, he would have a year. So in the government's view, were we to affirm the dismissal without prejudice, he has another year to file, effectively, a new habeas petition, raising these claims that are already exhausted? I think so, just as my reading of LESCO, and I think that's the fact. Judge Ross, do you have any questions for counsel? Thank you, Your Honor. Thank you, Your Honor, and may it please the Court. I'd really just like to address a comment that my colleague made during his argument. My colleague argued that to the extent that this Court does apply LESCO and affirm the dismissal, you asked him whether or not that Mr. Morgan would have to exhaust any of his claims again. Your Honor, I don't think that's the case. So his constitutional claims are fully exhausted. They've been presented to the Pennsylvania Supreme Court. I think those are done. I don't think he has to, you know, when he files his habeas petition again, in the event that LESCO does apply, I don't think he has to go through the motions of re-exhausting already exhausted claims. And with respect to his re-sentence, Your Honor, I don't think that has to be exhausted, because the only requirement under AEDPA is that federal claims need to be exhausted. And based on his January 2022 appeal, there are no, I don't think that's the case. There are no federal claims underlying his re-sentencing appeal. So to the extent that this Court wants to just affirm the dismissal, and Mr. Morgan can just refile a habeas petition with the full 365 days left instead of the four days left, that he would not have to re-exhaust those federal constitutional claims. Mr. Lim, given the government's position, which is, as you just summarized, doesn't that put your client in exactly the position that you would like him to be in? That is, he's got a full year, even if the current petition has been dismissed, it's without prejudice, and he's got plenty of time to bring that petition again. Sure, Your Honor, and I would say that, you know, 365 days is certainly a lot more than four days, but with respect to, you know, bringing his habeas petition again, he certainly could, and he would have that full year if it does constitute a final judgment under LESCO, because of that full re-sentencing under all of his counts. But, Your Honor, it would be in Mr. Morgan's interest really just not to re-exhaust already exhausted federal constitutional claims. So yes, Judge Krause, in the event that LESCO does apply, he would just have to re-file his habeas petition containing those same constitutional claims. To my knowledge, I don't think a whole lot would change. I think he would be just granted the benefit of 365 days. Would you agree that if, in fact, he has 365 days to file a new petition? That we don't have a final order here when a dismissal without prejudice can be cured? Well, with respect to the can-be-cured language, Judge Schwartz, I'd just like to emphasize that, you know, the Supreme Court has said where a district court dismisses a habeas petition with very little time left on the statute. But the premise of my statement is he's got 365 days on the clock if we apply LESCO. Yes, he would have 365 days under LESCO should you... Would that make the district court's order not final and therefore we lack appellate jurisdiction? Would we have to dismiss this appeal? That's a great question. That's fine. And I'll see if Judge Roth has anything as well. Sure. So, Your Honor, with respect to finality, you know, if this Third Circuit just wants to affirm and just wait for Mr. Morgan to finish up, I would say with respect to finality, again, I would just point the Court to Cruz v. Horn. That case was dismissed without prejudice for failure to exhaust and you retained jurisdiction there. But, yes, Mr. Morgan, should LESCO apply, he would have the full 365 days left on his clock. And thank you so much, Your Honor. Let's see if Judge Roth has anything and Judge Krause. Judge Roth? And Judge Krause. Thank you, Counsel. And thank you for your arguments. We thank the sponsoring counsel for being with us. We thank arguing counsel on behalf of Mr. Morgan, who probably just graduated from law school and should be studying for the bar, maybe? Yes. Yeah, the bar exam is, for me, is in 20 days. Well, we're surprised to see you, but grateful. And we're grateful to the State for its argument as well. The Court will take the matter under advice.